

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | MELISSA WACHS<br>*Senior Counsel*<br>E-mail:mwachs@law.nyc.gov<br>Phone: (212) 356-2424<br>Fax: (212) 356-3509 |

January 29, 2018

**BY ECF**
Honorable Judge Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Anthony Lopez v. City of New York, et al.</u>
      17 CV 14223 (FB)(VMS)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York ("City"), Detective Sasha Neve, and Detective Kevin Desormeau[1] in the above-referenced matter, in which plaintiff alleges, *inter alia*, that he was subjected to malicious abuse of process, among other claims. Defendants write pursuant to the Court's Order of November 15, 2017, which instructed defendants to determine whether or not they wished to continue with their anticipated motion to dismiss following a review of plaintiff's Amended Complaint. The Amended Complaint (DE 16) does not cure the defects as outlined by defendants in their letter of October 10, 2017 (DE 10). Defendants renew the arguments raised in DE 10, annexed hereto, and do not address the substantive legal issues raised by the claims in this filing so as not to be duplicative to the Court. Further, the Amended Complaint adds parties and claims; however, plaintiff is barred by the Statute of Limitations from adding these parties and claims.

---

[1] Upon information and belief, and following a review of the Civil Docket Sheet, none of the fifteen defendants added to the Amended Complaint have yet been served.

A.     **Factual Allegations and Procedural Background**

The factual allegations as presented by plaintiff in his Complaint (DE 6) and Amended Complaint are largely the same. See, Complaint at ¶19 and Amended Complaint at ¶11. Plaintiff alleges that, on July 17, 2014, defendants fraudulently obtained a search warrant for 108-25 154th Street, Queens, New York. Notwithstanding the allegation that there was no basis for the search warrant, in his basement apartment, officers found two firearms, which plaintiff admits were in his possession. ¶14. Officers also found syringes, which plaintiff admits were in his possession.¶11. Finally, Officers found illegal narcotics, which plaintiff denies were there. ¶23. Plaintiff pled guilty to a misdemeanor weapons charge for his firearms. ¶45. Plaintiff claims that he was coerced to plead guilty to a lesser charge because the alternative was to go to trial on a more serious charge; this which serves only to define what a plea agreement is, and is a failed attempt to raise a collateral attack on a guilty plea.

Plaintiff did not file a Notice of Claim and took no action concerning this incident until he filed the instant suit three years later, on July 17, 2014. Five months later, on January 15, 2018, plaintiff filed his Amended Complaint.

B.     **Plaintiff Cannot Add Fifteen Individuals and One Entity to the Complaint as the Statute of Limitations Has Run and There is No Relation Back**

Plaintiff was arrested on July 17, 2014. ¶¶21, 25. He pled guilty on October 28, 2015. ¶46. Plaintiff filed his Complaint on July 17, 2014. DE 1. He filed his Amended Complaint on January 15, 2018. DE 16. In his Amended Complaint, he added twelve police officers, the Queens District Attorneys' Office, the Queens District Attorney, and two Assistant District Attorneys. Notwithstanding how all of plaintiff's claims should fail because they are substantively lacking and present purely conclusory statements, any newly added defendant must be dismissed as beyond the applicable Statute of Limitations. Although Section 1983 does not provide for a specific statute of limitations, it is governed by New York state law and therefore is subject to a three-year statute of limitations. See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (internal citations omitted). As a general rule, "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Id. (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted)). "Substitutions of a party's name for John Doe, therefore, 'may only be accomplished' if the amended pleading relates back to the date of the original complaint under Federal Rule of Civil Procedure 15(c)." Barrett v. City of Newburgh, No. 13-CV-4118 (NSR), 2017 WL 1102672, at *3 (S.D.N.Y. Mar. 23, 2017) (citing Aslanidis, 7 F.3d at 1075; JCG v. Ercole, No. 11-CV-6844, 2014 WL 1630815, at *12 (S.D.N.Y. Apr. 24, 2014)).

Here, plaintiff did not list the fifteen new defendants by name until January 22, 2018— six months after the statute of limitations expired. Plaintiff's claims against the fifteen new defendants also do not relate back under either of the two governing prongs of Rule 15(c)—Rule 15(c)(1)(C) or Rule 15(c)(1)(A).

"[A]lthough Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties . . . [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" Id. at 517-18 (quoting Barrow, 66 F.3d at 470).  In other words, "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Id. at 518 (citing Barrow, 66 F.3d at 470); see also Vasconcellos, 2014 WL 4961441, at *7 (concluding that the plaintiff's claims did not relate back under Fed. R. Civ. P. 15(c)(1)(C) because the plaintiff was "ignorant" and not "mistaken" about the John Doe defendants' identities); Strada v. City of New York, No. 11-CV-5735, 2014 WL 3490306, at *10 (E.D.N.Y. July 11, 2014) (citing Hogan and explaining that "Barrow remains good law. . . and precludes [the] [c]ourt from finding that [the] [p]latiniff's failure to amend the [c]omplaint to name the individual officers was a mistake contemplated by Rule 15(c)").

Under CPLR § 1024, a plaintiff may substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,'" and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" Hogan, 738 F.3d at 518-19 (quoting Bumpus v. N.Y.C. Transit Auth., 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2009)).  To satisfy the first requirement—due diligence—a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." Strada v. City of New York, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting Justin v. Orshan, 14 A.D.3d 492, 492-93, 788 N.Y.S.2d 407 (2d Dep't 2005)) (quotation marks omitted).  Here, as plaintiff filed his Complaint on the last possible day to do so, there is no evidence of due diligence prior to the running of the statute, and any action claimed by plaintiff after the filing of the Complaint occurred after the statute had run.

**C.     Conclusion**

For the foregoing reasons, defendants respectfully request a pre-motion conference to discuss its anticipated motion to dismiss or, in the alternative, leave to file the motion as the parties have already participated in a pre-motion conference in this matter.

Thank you for your consideration herein.

                                          Respectfully submitted,

                                          /s/
                                          Melissa Wachs
                                          Senior Counsel
                                          Special Federal Litigation Division

cc:

Joseph P. Griffin, Esq. (By ECF)
*Attorney for Plaintiff*