

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZACHARY W. CARTER
*Corporation Counsel*

MELISSA WACHS
*Senior Counsel*
E-mail:mwachs@law.nyc.gov
Phone: (212) 356-2424
Fax: (212) 356-3509

October 10, 2017

**BY ECF**
Honorable Judge Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Anthony Lopez v. City of New York, et al.
17 CV 14223 (FB)(VMS)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York ("City") and Detective Sasha Neve[1] in the above-referenced matter, in which plaintiff alleges, *inter alia*, that he was subjected to malicious abuse of process, among other claims. Defendants write respectfully to request that the Court schedule a pre-motion conference to discuss its anticipated motion to dismiss.

**A.     Factual Allegations and Procedural Background**

Plaintiff alleges that, on July 17, 2014, defendants fraudulently obtained a search warrant for 108-25 154th Street, Queens, New York. Notwithstanding the allegation that there was no basis for the search warrant, in his basement apartment, officers found two firearms, which plaintiff admits were in his possession. ¶20. Officers also found syringes, which plaintiff admits were in his possession.¶19. Finally, Officers found illegal narcotics, which plaintiff denies were there. ¶24. Plaintiff pled guilty to a misdemeanor weapons charge for his firearms. ¶28. Accordingly, there was probable cause for the arrest, and it is unclear what damages relating to plaintiff's arrest and prosecution could possibly be proven.

---

[1] A representation decision concerning Detective Kevin Desormeau has not yet been made; however, the undersigned anticipates it will be made shortly.

Plaintiff did not file a Notice of Claim and took no action concerning this incident until he filed the instant suit three years later, on July 17, 2014, alleging, *inter alia*, that defendant officers were improperly supervised, conspired amongst each other and committed malicious abuse of process, and that defendant City was liable for this violation under a theory of municipal liability pursuant to Monell.

### B.     Plaintiff's Stand Alone §1983 Claim is Insufficient

Plaintiff blankly claims that his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights were violated. However, a §1983 claim "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sylvia v. James, 13 F.3d 515, 519 (2 Cir. 1993). This claim must be dismissed as it fails to provide any factual basis thereof - plaintiff must be specific about which constitutional rights were violated in order to provide defendants with "fair notice of what the claim is and the grounds upon which it rests." Sforza v. City of New York, 07-CVC-6122, 2009 WL 857496. At *12 (S.D.N.Y. Mar. 31, 2009). Plaintiff has not identified which conditional rights were violated or the factual basis behind such allegations; he has not provided notice of any harms suffered apart from those attached to the further claims in his Complaint. Accordingly, the claim must be dismissed as he has not pled a claim distinct from the remaining claims. Brandon v. City of New York, 705 F. Supp. 2d 261, 264, 268-69 (S.D.N.Y.) (Preska, C.J.)

### C.     Plaintiff Pled Guilty to Possessing the Firearms Found in his Home

To plead malicious abuse of process, a plaintiff must show that defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with the intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of N.Y., 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted). The collateral objective element requires an allegation that the defendant "aimed to achieve a collateral purpose beyond or in addition to. . . criminal prosecution," and therefore it is "not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution." Id. at 77.

Here, plaintiff alleges that defendants arrested plaintiff to obtain "a collateral objective outside the legitimate ends of the legal process." ¶45. However, plaintiff fails to allege what that end was beyond vaguely "causing harm." ¶46. As plaintiff pled guilty to the firearms charge, to the extent plaintiff's liberty was restricted, that is attributed to the two loaded firearms in his home, not because a quantity of narcotics was also discovered.

### D.     Plaintiff Cannot Show Conspiracy between Two City Actors

The intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims. "[I]t is well settled that there can be no actionable conspiracy under the civil laws if the alleged conspirators

are employees of a single organization and their alleged actions were taken in the course of their employment." Armstrong v. Brookdale University Hospital and Medical Center, 2002 WL 13222, at * 3 (citing Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 71 (2d Cir.1976); see also Danielak v. City of New York, No. 02-cv-2349 (KAM), 2005 U.S. Dist. LEXIS 40901, 2005 WL 2347095, *13-14 (E.D.N.Y. Sept. 26, 2005) ("[T]he intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims because all of the individual Defendants were employees of the New York City Police Department, and were acting within the scope of their employment as police officers when they arrested plaintiff."). Here, Plaintiff alleges a conspiracy between the defendants, Det. Sasha Neve and Det. Kevin Desormeau, both City employees.

Even if Plaintiff could allege a conspiracy between Det. Sasha Neve and Det. Kevin Desormeau, Plaintiff makes bald assertions that such a conspiracy existed without any factual support. There is no indication in the record that there was an agreement to act to inflict an unconstitutional injury. Additionally, plaintiff fails to make any allegation, plausible or otherwise, that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind his arrest. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Therefore, this cause of action must also fail.

**E.  Plaintiff Has Failed to Sufficiently Allege a Theory of Municipal Liability**

To state a claim against a municipality for the acts of its employees, a plaintiff must plausibly allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citation omitted); see Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "Following Monell and its progeny, a municipality cannot be held liable under § 1983 under a theory of respondeat superior." Abreu v. City of New York, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (citations omitted). "Rather, there must be a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Plaintiff's complaint asserts there is a casual connection between alleged practices of defendant City and the actions of the officers involved in this incident, without any factual allegations to supportive this conclusory assertion.

"A section 1983 action may be maintained based on a practice that was so persistent or widespread as to constitute a custom or usage with the force of law." Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006) (citations omitted). "Monell's policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted). In order to establish the claim, plaintiff must plead and prove "deliberate indifference" by policymakers – a "stringent" standard of fault. Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). It is well-settled that "evidence of one instance" in which municipal employees violated a citizen's rights is not enough to show an actionable custom or practice. Green, 465 F.3d at 81 (citation omitted); Turpin v. Mailet, 619 F.2d 196, 202 (2d Cir. 1980) ("a policy [can] not ordinarily be inferred from a single incident of illegality").

Plaintiff has done nothing more than summarily allege that there was deliberate indifference, which is not sufficient to properly allege a <u>Monell</u> claim, least of all because there is no underlying violation here.

**F.    Plaintiff Cannot Allege that Defendants were Acting in their Official Capacity and Also Put Forth a Failure to Train/Supervise Claim**

Plaintiff asserts at paragraphs ¶35-37 of his Complaint that each of the individual defendants' acts were carried out "in their capacities as police officers." This necessarily forecloses any claim for negligent hiring, training and supervision. <u>See, e.g.</u>, <u>Batson-Kirk v. City of New York</u>, 07-CV-1950 (KAM)(JMA), 2009 U.S. Dist. LEXIS 44841, at *35-36 (E.D.N.Y. May 28, 2009) (Matsumoto, J.)("'It is well settled under New York law that '[a] claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment.'")(citations omitted); <u>Cerbelli v. City of New York</u>, 99 CV 6846 (ARR)(RML), 2008 U.S. Dist. LEXIS 109341, at *85 (E.D.N.Y. Sept. 8, 2008)("To maintain a claim against a municipal employer for 'negligent hiring, training, and supervision' of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of employment when committing the tort.")(citations omitted) <u>adopted by</u> 2008 U.S. Dist. LEXIS 77335 (E.D.N.Y. Sept. 30, 2008).  Accordingly, this claim cannot succeed.

**G.    Conclusion**

For the foregoing reasons, defendants respectfully request a pre-motion conference to discuss its anticipated motion to dismiss.

Thank you for your consideration herein.

                                          Respectfully submitted,

                                          /s/
                                          Melissa Wachs
                                          Senior Counsel
                                          Special Federal Litigation Division

cc:
Joseph P. Griffin, Esq. (By ECF)
*Attorney for Plaintiff*